183 So.2d 307

**Effie Ardoin PITRE**

**v.**

**Elin PITRE.**

No. 47988.

Feb. 23, 1966.

Seth Lewis, Jr., Lewis & Lewis, Opelousas, for appellant.

Fruge & Foret, Jack C. Fruge, Ville Platte, for appellee.

HAWTHORNE, Justice.

Acting under Article 7, Section 25, of the Louisiana Constitution and R.S. 13:4449

and in compliance with Rule 12, Section 4, of the Rules of the Supreme Court of Louisiana, the judges of the Court of Appeal, Third Circuit, have certified to this court questions of law said to arise in the above styled cause pending in that court, and they seek instructions of this court for a proper decision of the case. The entire record has been sent to this court along with the certification and request for instructions. We have elected to exercise the discretion vested in us by the above cited constitutional provision and decide the whole matter in controversy just as if it were on direct appeal to this court.

Mrs. Effie Ardoin Pitre and Elin Pitre were judicially separated from bed and board, and on the same day entered into a partition of the property belonging to the community of acquets and gains. Thereafter the wife instituted suit to have the partition annulled and set aside for lesion and fraud. After a trial on the merits the district court rendered the following judgment: "ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of the petitioner, Effie Ardoin Pitre, and, against the defendant, Elin Pitre, rescinding, annulling and setting aside the partition of the community property belonging to and composing the community of acquets and gains heretofore existing between plaintiff and defendant entered into on the Eleventh (11th) day of September A.D. 1961 * * *." As disclosed by the judge's reasons for judgment, he ordered the partition rescinded and annulled for lesion under Article 1398 of the Civil Code. The defendant husband appealed to the Court of Appeal. The plaintiff wife, who had obtained a judgment of rescission as prayed for, did not appeal or answer the appeal. That court affirmed the judgment of the district court, being also of the view that the partition should be rescinded for lesion. See 162 So.2d 430. The husband applied to this court for a writ of certiorari, which was granted.

In due course this court rendered its opinion, with the following decree: "For the reasons assigned the judgment of the Court of Appeal which affirmed the judgment of the district court setting aside the partition is affirmed. * * *" We affirmed the judgment because we found from our study of the record that the property received by the wife was much less than one-half of the total net community, and that this inequality had resulted because the husband had "breached the fiduciary duty which he owed his wife by not making a full disclosure of all pertinent facts regarding the community assets and liabilities"—conduct which amounted to a kind of fraud. The defendant husband's application for a rehearing was refused, and our judgment affirming the lower courts' judgments rescinding and setting aside the partition became final. See Pitre v. Pitre, 247 La. 594, 172 So.2d 693.

After the decision of this court became final, the husband, ignoring the basis for our decision and choosing to regard the rescission as having been ordered for lesion, purported to act under Articles 1408 and 1409 of our Civil Code by depositing in the registry of the district court for the benefit of Mrs. Pitre a sum which according to the valuation found by the district court and the Court of Appeal represented the supplement of the wife's portion of the community property,[1] and obtained an order directed to his wife to show cause why the judgment rendered (annulling and rescinding the partition) should not be declared satisfied by this deposit and why the clerk of court should not be directed to cancel and erase the notice of lis pendens filed in this matter.

In due course the district court granted plaintiff in rule, the husband, the relief sought, and defendant in rule, the wife, appealed to the Court of Appeal, Third Circuit. Instead of deciding the case, the Court of Appeal certified to this court certain questions of law which we shall not set forth here.[2] As stated previously, we have elected to decide the whole matter in controversy just as if it were here on direct appeal to this court, and under our view of the case the questions certified are not pertinent or relevant for a decision.

The husband by instituting the rule and making the deposit in the registry of the court would avail himself of the provisions of Articles 1408 and 1409 of our Civil Code, as follows:

"Art. 1408. The defendant in the suit for rescission *may stop its course* and prevent a new partition, by offering and giving to the plaintiff the supplement of his hereditary portion, either in money or in kind, provided the rescission is not demanded for cause of violence or fraud." (Italics ours.)

1. The husband deposited $41,211.84 in the registry of the court. Pitre accepted the figures found by the district court and the Court of Appeal, according to which the wife had received $35,598.95 less than her one-half share of the net value of the community, and the deposit covers this amount plus interest.

2. In the Court of Appeal's certification to this court it was said: " * * * the Supreme Court likewise stated, with regard to valuations of the lower courts upon which lesion was found to have existed, that: 'We agree with its (the court of appeal's) findings on these matters, and shall not discuss them here.' * * * " This quotation from our opinion has been taken out of context. What we said was: "With possibly one exception, the contentions of error urged by relator here were urged in the Court of Appeal, and were aimed at the method employed by the district court to determine the net value of the community. The Court of Appeal found these allegations of error to be without merit. We agree with its findings on these matters, and shall not discuss them here. * * * " It will thus be seen that we agreed with the methods employed to determine the net value of the community, and not necessarily with the valuations.

"Art. 1409. When the defendant is admitted to prevent a new partition, as is said in the preceding article, if he furnishes the supplement in money, it must be with interest from the day of the institution of the suit; if he furnishes it in effects, he is bound to restore the fruits from the same day."

By these proceedings Pitre the husband attempts to prevent a new partition. This he cannot do because the provisions of these articles are not now available to him.

Pursuant to Article 1408, where the rescission of the partition is not demanded for cause of violence or fraud,[3] the defendant in such a suit may *stop its course* and prevent a new partition by complying with this article. Pitre did not choose to prevent a new partition by *stopping the course* of Mrs. Pitre's suit for a rescission. The judgment of this court annulling and rescinding that partition became *final*, and Mrs. Pitre's right to a new partition became a thing adjudged, when this court denied Pitre's application for a rehearing in that suit. The finality of that judgment ended the course of that suit; the suit had come to an end; its course had been run. It was only after this judgment had become final and the suit had run its course that

Pitre sought to avail himself of the provisions of Articles 1408 and 1409 by making the deposit and instituting the rule in the district court.

Article 891 of the French Civil Code, which is the same as our Article 1408, has been considered as not giving to the defendant any such right as he seeks to exercise here—that is, to supplement the plaintiff's share after the litigation has run its course and is final. Planiol, Treatise on the Civil Law (La.State Law Institute tr.), vol. 3, pt. 2, sec. 2430, pp. 181, 182, discusses the extent and scope of the article thus:

"The supplementary transfer or payment can be offered at any time during the litigation, or even after a rescission judgment, until it has become a *res judicata*. As long as the litigation can be reopened by appeal, there is still time, as the statute puts it, 'to stop the course of events and to prevent a new distribution.'"

In effect, what Pitre was trying to do by making the deposit and instituting the rule, and what the district judge permitted him to do, was to avoid the final judgment of this court rescinding and annulling the partition. Neither Pitre nor the judge had

---

3. Mrs. Pitre's petition sought a rescission of the partition on the grounds of lesion and fraud, and this court affirmed the judgments of the district court and the Court of Appeal for the reason that we found fraud. Counsel for Mrs. Pitre contend that these circumstances would have rendered the articles inapplicable, but under our view other circumstances of this case make unnecessary a discussion of this question to dispose of the district judge's ruling on Pitre's motion.

·the legal right to ignore; circumvent, or defeat that final judgment.

Furthermore, we would be unable to agree with the contention of counsel for Pitre in this court that Pitre was justified in proceeding in his motion by completely ignoring the basis of our affirmance of the lower courts' judgments. Counsel argue that since Mrs. Pitre did not appeal to the Court of Appeal or answer Pitre's appeal, or apply to this court for writs after the Court of Appeal affirmed the district court's judgment rescinding the partition on the ground of lesion, this court had no legal right to modify, change, or amend the decree or judgment of the lower courts to Pitre's prejudice or detriment. Counsel contend that when we changed the ground of rescission from lesion to fraud, we deprived Pitre of the right and privilege which he had under those judgments to maintain the partition by complying with the provisions of Articles 1408 and 1409, and that we had no legal right so to act to his prejudice.

This argument is without merit, for this court did not modify, change, or amend the judgments of the lower courts. Our reason for concluding that the partition should be rescinded was the husband's breach of a fiduciary relationship and not lesion, but this was simply our reason for affirming the judgments. In short, we affirmed the judgments but on a different ground, as we had a right to do.

For the reasons assigned the judgment of the district court in favor of plaintiff in rule Elin Pitre is annulled and set aside, and the proceedings are dismissed at the cost of plaintiff in rule.